Maryview Medical Center

v.

John K. Chacko
and Portsmouth
Surgical Associates, Inc.

November 15, 2005

Case No. CL 05-133

BY JUDGE RODHAM T. DELK, JR.

This suit for contribution again came before me on November 14, 2005, on the parties' cross-motions for summary judgment.

As stated in a previous opinion on venue, this case involves a medical malpractice suit tried to a jury verdict in the Circuit Court for the City of Portsmouth, under the style *Hammie McQuillia v. Maryview Medical Center et al.*, Case No. CL 03-2441. The case involved a sponge left in the surgical site of the plaintiff, who underwent surgery performed by the contribution defendant, John K. Chacko, M.D., employed by the contribution defendant Portsmouth Surgical Associates, Inc. ("Portsmouth Surgical"), at the hospital operated by the contribution plaintiff, Maryview Medical Center ("Maryview").

The jury rendered a plaintiff's verdict for the patient against Maryview, Dr. Chacko, and Portsmouth Surgical in the amount of $1.2 million, which was reduced by the trial judge to the *ad damnum*, $800,000.00. After the trial, the defendants disputed their respective shares of the judgment and made no payments to the plaintiff. Upon the plaintiff's instituting collection proceedings, Maryview, for its own convenience, paid $400,000.00 of the verdict. Dr. Chacko and Portsmouth Surgical together paid the remaining $400,000.00.

Maryview now sues Dr. Chacko and Portsmouth Surgical in contribution, seeking judgment in the amount of $133,333.33, which would have the effect of reducing its share of the judgment from one-half to one-third. All parties agree that there are no facts at issue and seek summary judgment.

The issue at hand simply is whether, for purposes of contribution, Dr. Chacko and Portsmouth Surgical should be considered one entity by virtue of the vicarious liability of Portsmouth Surgical. If so, then Dr. Chacko and Portsmouth Surgical prevail and Maryview's contribution suit fails. Counsel agree that this is a case of apparent first impression in Virginia.

I have considered the briefs and arguments of counsel.

Contribution is a statutory action among joint tortfeasors in the absence of moral turpitude. Virginia Code § 8.01-34. Although grounded in equitable principles, concurrent jurisdiction over actions for contribution has been assumed by courts acting on the law side. *Hudgins v. Jones*, 205 Va. 495, 501, 138 S.E.2d 16 (1964).

In the underlying suit, the jury's unitary verdict against the three defendants established joint and several liability with each defendant being liable for the whole. *See, e.g., Oppenheimer v. Linkous' Adm'x*, 159 Va. 250, 255, 165 S.E. 385 (1932). Such liability is nevertheless subject to contribution. Virginia Code § 8.01-443.

The parties herein agree on the general principle that such joint and several liability would make *unrelated* judgment co-defendants liable in contribution for equal shares of any judgment. The specific issue in this case, however, involves the employment relationship between Dr. Chacko and Portsmouth Surgical.

Portsmouth Surgical, as a corporate entity which employed Dr. Chacko, was vicariously liable for the negligent acts of Dr. Chacko under the doctrine of *respondeat superior*. "In Virginia, employers and employees are deemed to be jointly liable and jointly suable for the employee's wrongful act." *Thurston Metals & Supply Co. v. Taylor*, 230 Va. 475, 483-84, 339 S.E.2d 538 (1986). Portsmouth Surgical and Dr. Chacko argue, however, that their liability is co-extensive with each other and that together they are liable in contribution for only one-half of the judgment which they have in fact paid.

Maryview, on the other hand, argues that Portsmouth Surgical and Dr. Chacko are separate defendants with joint and several liability, and that, as such, each is separately liable in contribution for one-third of the judgment.

Neither side offered any Virginia case directly in point on the issue.

Maryview cites two Virginia cases in support of its position. *Harris v. Aluminum Co. of America*, 550 F. Supp. 1024 (W.D. Va. 1982), was a federal products liability case involving the interpretation of Virginia Code § 8.01-

35.1 and the effect of a release of a joint tortfeasor. This case did not involve the certification of a question of law to the Virginia Supreme Court. The federal court held that a release and covenant not to sue given to an agent did not automatically release the principal from vicarious liability for the acts of the agent. This was not a contribution case.

*Thurston, supra,* decided some four years after *Harris,* also is not a contribution case. *Thurston* involved a tort claim against an individual defendant and his corporate employer where the individual defendant was released prior to trial. The Supreme Court held that the vicariously liable corporate employer was not released pursuant to § 8.01-35.1 simply because of the employee's release.

I do not find that either of these cases are instructive as to the issue at hand. Section 8.01-35.1 specifically provides that any judgment against the un-released tortfeasor must be reduced by the amount of the settlement paid to the released tortfeasor. Va. Code § 8.01-35.1(A)(1). The released tortfeasor is not entitled to contribution from remaining tortfeasors.

The judgment order in the case at hand, entered on December 20, 2004, provided by its specific terms that "the judgment be entered against the defendants, jointly and severally." Indeed, that is the law, as I have stated above. However, I cannot conclude that it must necessarily follow, therefore, that each separate defendant is to be treated as a separate entity for purposes of contribution.

The remaining cases cited by Maryview, providing for pro-rata liability of joint defendants, do not involve the issue of vicarious liability and are not helpful.

There being no Virginia cases in point, Dr. Chacko and Portsmouth Surgical principally rely on a Maryland case, *Chilcote v. Von Der Ahe Van Lines,* 300 Md. 106, 476 A.2d 204 (1984). The case involved a three-vehicle crash, with one of the vehicles being a moving van. Both the van company and its driver were named defendants. The third driver settled prior to trial, and, similar to the rule of Virginia Code § 8.01-35.1, the remaining judgment defendants were entitled to credit for the settlement. In the resulting contribution suit, one issue was whether the van company and its driver were to be considered as one defendant.

The Maryland court surveyed the Uniform Contribution Among Tortfeasors Act, which has never been adopted by Virginia, and the case law of several other states. The Maryland court concluded that the Uniform Act, while not specifically stating such, provided that the wrong-doing employee and his vicariously liable employer "constitute one pro rata share for purposes of the reduction of the verdict in favor of the plaintiffs." *Chilcote,* at 122.

While the Maryland case is not a controlling case herein, I am persuaded that it constitutes the better rule and provides a result more in line with equity and reason.

First, I return to the Holy Writ of tort law, W. Prosser, *Handbook on the Law of Torts*. "Where the owner and driver of a car are joined as defendants, equity may require treating the two together as liable for a single share. . . ." *Id.*, at 310 (4th ed. 1971).

Moreover, the vicariously liable corporate employer is not a wrong-doer in the case at hand. Its liability exists solely because of an employment relationship. Vicarious tort liability protects innocent victims from empty judgments against judgment-proof employees. Furthermore, as to Portsmouth Surgical and Dr. Chacko, Dr. Chacko was in fact the only actor in the commission of the tortious conduct. To treat them as separate defendants for purposes of contribution would unduly punish the non-acting employer defendant.

Finally, I adopt the argument of Dr. Chacko and Portsmouth Surgical that to treat the non-acting employer and its tortfeasor employee as separate for purposes of contribution would induce excessive and expensive litigation. Co-defendants would be given obvious financial incentive to effect their own "election" of defendants by adding all manner of employees of other corporate co-defendants as third-party defendants, in order to expand and manipulate contribution liability. I do not find this to be supported either by law or any other considerations of the issue, including economy and efficiency of litigation.

Therefore, I hold that, for purposes of determining contribution liability, Dr. Chacko and Portsmouth Surgical, his employer, shall be considered as one entity. It follows that, on the basis of payments already made, there is no further contribution to be had.

I accordingly grant summary judgment to Dr. Chacko and Portsmouth Surgical in this contribution suit and deny summary judgment to Maryview.